# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| ERLC, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>HEALTH CARE SERVICE CORPORATION, an Illinois Mutual Legal Reserve Company operating in Texas as BLUE CROSS AND BLUE SHIELD OF TEXAS and GUADALUPE GUZMAN,<br><br>    Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446 and 29 U.S.C. § 1132(a)(1)(B) and (a)(3), Defendant Health Care Service Corporation, an Illinois Mutual Legal Reserve Company operating in Texas as Blue Cross and Blue Shield of Texas ("BCBSTX"), by and through its undersigned counsel, hereby removes the state court civil action known as *ERLC, LLC, v. Health Care Service Corporation d/b/a Blue Cross Blue Shield of Texas and Guadalupe Guzman*, Cause No. CV-0089242 (the "State Court Action"), from the Galveston County Court at Law Number Three to the United States District Court for the Southern District of Texas. Removal of this action is proper because federal question jurisdiction exists, given that the claims at issue are completely preempted by Section

502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). In support of this Notice, BCBSTX states as follows.

## I.　　STATE COURT LAWSUIT

1.　　On November 30, 2021, Plaintiff ERLC, LLC ("Plaintiff") filed its First Amended Petition (the "Petition") in the State Court Action. *See* Petition, attached hereto as **Exhibit A**.

2.　　No subsequent pleadings have been filed in the State Court Action.

3.　　BCBSTX's Registered Agent, Corporation Service Company, was served with summons for the State Court Action on December 6, 2021. *See* Summons, attached hereto as **Exhibit B**.

4.　　This Notice is filed within 30 days of service on BCBSTX; therefore, removal is timely under 28 U.S.C. § 1446(b)(1).

5.　　Plaintiff alleges Defendant Guadalupe Guzman ("Guzman") obtained emergency medical services from Plaintiff on February 11, 2020. Ex. A, ¶ 8. Plaintiff alleges that, at that time, Guzman represented that she had coverage for healthcare benefits through a benefit plan insured by BCBSTX (the "Plan"). *Id.*

6.　　Plaintiff further alleges that Plaintiff submitted a claim seeking reimbursement for Guzman's February 11, 2020 emergency medical services, and BCBSTX failed to reimburse Plaintiff for the full amounts of benefits allegedly owed under the Plan for the services rendered. *Id.*, ¶¶ 9-10.

7. Plaintiff alleges that Guzman assigned benefits to Plaintiff and therefore BCBSTX is obligated to reimburse Plaintiff for the Plan benefits allegedly owed for Guzman's February 11, 2020 emergency medical services. *Id.*, ¶ 14.

8. The Plan is an employer established healthcare benefits plan sponsored by Procare Automotive, LLC. *See* Declaration of Rae M. Bailey ("Bailey Decl."), attached hereto as **Exhibit C**, at ¶ 5.

9. Plaintiff alleges three causes of action under Texas state law for (1) Breach of Contract/Texas Insurance Code, (2) Violation of Texas Insurance Code Section 1467.0575, and (3) Breach of Implied Contract. Ex. A, ¶¶ 13-26. Counts 1 and 2 are alleged against BCBSTX only, and Count 3 is alleged against Guzman only. *Id.*

10. Plaintiff seeks $89,594.01 in damages and associated attorneys' fees and costs. *Id.*, ¶¶ 10, 34.

11. BCBSTX bases removal on federal question jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(1)(B).

## II.   FEDERAL QUESTION JURISDICTION

12. Where a Plaintiff asserts state law claims seeking recovery of benefits under an ERISA-governed plan – as Plaintiff's Petition does here – then the state lawsuit falls within Section 502(a) of ERISA and may be removed to federal court. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987).

13. Section 502(a) of ERISA completely preempts "any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" because such a cause of action "conflicts with the clear congressional intent to make the ERISA

remedy exclusive….″ *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004). "In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)." *Id.* at 210

14. As a result, complete preemption under Section 502(a) is "an exception to the well-pleaded complaint rule," and a case may be removed to federal court even though the petition does not assert a cause of action under federal law if the plaintiff asserts a state-law cause of action that duplicates, supplements or supplants the remedies provided by ERISA. *Id.* at 207-08.

15. This case seeks recovery of healthcare benefits under an employee welfare benefit Plan governed by ERISA, thus Plaintiff's three causes of action against BCBSTX are completely preempted by ERISA. *CFM Interests, Ltd. v. Aetna Health, Inc.*, Civil Action H-12-02070, at *2 (S.D. Tex. May 18, 2020).

**A.    Guzman's Plan Is an Employee Welfare Benefit Plan Governed by ERISA.**

16. Guzman's healthcare benefits are provided through an "employee welfare benefit plan" that is subject to ERISA. ERISA's provisions apply to any "employee benefit plan" that is "established or maintained . . . by any employer engaged or in any industry or activity affecting commerce…." 29 U.S.C. § 1003(a)(1). ERISA defines an "employee benefit plan" (or "plan") as "an employee welfare benefit plan." 29 U.S.C. § 1002(3). ERISA in turn defines an "employee welfare benefit plan" as "any plan, fund, or program

. . . established or maintained by an employer . . . for the purpose of providing . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1).

17.   Here, Guzman's healthcare benefits were provided through an employer established healthcare benefits plan sponsored by Procare Automotive, LLC. Ex. C, Bailey Decl., ¶¶ 4-5.

18.   For these reasons, the Plan is an employee benefit plan governed by ERISA within the meaning of 29 U.S.C. §1002(3).

**B.   ERISA Preempts All of Plaintiff's Causes of Action Alleged Against BCBSTX.**

19.   Plaintiff alleges causes of action for (1) Breach of Contract/Texas Insurance Code, (2) Violation of Texas Insurance Code Section 1467.0575, and (3) Breach of Implied Contract for BCBSTX's alleged failure to pay the full amount of benefits due under Guzman's Plan for Guzman's February 20, 2021 emergency medical services. Ex. A, ¶¶ 8-10.

20.   Through this lawsuit, Plaintiff seeks to recover allegedly unpaid Plan benefits pursuant to an alleged assignment of benefits from Guzman. *Id.*

21.   Plaintiff's causes of action alleged against BCBSTX therefore "duplicate[], supplement[] or supplant[]" the remedies provided by Section 502(a)(1)(B) of ERISA, and thus both Plaintiff's state law causes of action are completely preempted. *Davila*, 542 U.S. at 209-12; *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

22. Indeed, the United States Supreme Court has held that ERISA preempts state law claims for breach of contract in connection with denial of claims for benefits under an ERISA-governed employee benefit plan. *Pilot Life Ins. Co.*, 481 U.S. at 41.

23. Through this lawsuit, Plaintiff seeks to recover allegedly unpaid Plan benefits pursuant to an alleged assignment of benefits from Guzman for Guzman's emergency medical treatment at Plaintiff's facility. Ex. A, ¶¶ 8-10.

24. Plaintiff's causes of action against BCBSTX are therefore entirely based upon alleged rights, and BCBSTX's alleged obligations, under Guzman's Plan, which, as demonstrated above, is an "employee welfare benefit plan" governed by ERISA. Ex. C, Bailey Decl., ¶¶ 4-5.

25. Because Plaintiff's causes of action "derive[] entirely from the particular rights and obligations established by" the Plan, they are completely preempted by Section 502(a) and removable to federal court. *Davila*, 542 U.S. at 213-14. Therefore, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1131 and 29 U.S.C. § 1132(a).

### III. DIVERSITY JURISDICTION AS AN ALTERNATIVE BASIS FOR REMOVAL

26. If the Court were to find that ERISA does not govern Guzman's Plan, but rather Texas law applies, BCBSTX may then, in the alternative, remove this case to federal court based on diversity jurisdiction because Plaintiff and BCBSTX are citizens of different states and, as explained in further detail below, Guzman is fraudulently joined.

27. Under 28 U.S.C. §1332, federal courts have original federal jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." If the Court were to find that Guzman's Plan is governed by Texas state law, then this Court possesses original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and removal is thus proper under 28 U.S.C. §§ 1441(b) and 1446.

A. **The Amount in Controversy Exceeds $75,000**

28. Based on the face of the Petition, Plaintiff seeks relief in excess of $75,000, exclusive of interest and costs. In *De Aguilar v. Boeing,* the Fifth Circuit established a two-part analysis to determine whether the amount in controversy requirement has been met. *De Aguilar v. Boeing*, 47 F.3d 1404 (5th Cir. 1995). First, the defendant must show by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *Id.* at 1411. Second, to avoid removal, the plaintiff must show that, "as a matter of law, it is certain he will not be able to recover more than the damages for which he prayed in the state court complaint." *Id.*

29. In the Fifth Circuit, a defendant establishes that the amount in controversy exceeds the jurisdictional minimum by a preponderance of the evidence if "it is apparent from the face of the petition that the claims are likely to exceed $75,000." *Martinez v. Kroger Tex. L.P.*, 2019 U.S. Dist. LEXIS 31057, *3 (S.D. Tex., Feb. 27, 2019) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). In this case, Plaintiff specifically alleges in its Petition that it "seeks a determination from the

Court that ERLC is owed $90,473.01 for the emergency medical services provided to BCBS's insured." Ex. A, Pet. ¶ 21.

30.    Therefore, removal is appropriate under 28 U.S.C. §1332 because the amount in controversy exceeds the $75,000 jurisdictional amount.

**B.    BCBSTX is an Illinois Citizen**

31.    BCBSTX is, and was at the time of the filing of the Petition, a Mutual Legal Reserve Company organized under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois. *See* Declaration of Meredith A. Shippee ("Shippee Decl.") attached hereto as **Exhibit D**; *see also* Illinois Department of Insurance–Company Search, attached hereto as **Exhibit D-5** (BCBSTX is a "Domestic Mutual" company with its "Corporate Home" in Chicago Illinois). While Blue Cross and Blue Shield of Texas, Inc. was originally a separate entity incorporated in Texas, it merged with Health Care Service Corporation in 1998, and Health Care Service Corporation was the surviving entity pursuant to the Articles of Merger. *See* Articles of Merger, at 1, attached hereto as **Exhibit D-3**.

32.    "[U]nincorporated divisions are citizens of the state of which the corporation that owns the division is a citizen," and therefore, BCBSTX is a citizen of Illinois. *Coghlan v. Blue Cross Blue Shield of Texas*, 2013 U.S. Dist. LEXIS 5111, *2-3 (S.D. Tex. Jan. 14, 2013) (holding BCBSTX was a citizen of Illinois for diversity purposes and denying the plaintiff's motion for remand); *Hayes v. Blue Cross Blue Shield of Tex., Inc.*, 2020 U.S. Dist. LEXIS 37109, *2-3 (S.D. Tex. Mar. 4, 2020) (finding that there was complete diversity as BCBSTX is a citizen of Illinois for diversity purposes).

### C. Plaintiff is a Citizen of Texas and Ohio

33. Plaintiff is a Texas Limited Liability Company. Ex. A, Pet., ¶ 2.

34. In determining diversity jurisdiction, "the citizenship of an LLC is determined by the citizenship of each of its members." *Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019). The citizenship of each member is determined by their domicile at the time the suit is filed. *Id.* Domicile for an individual generally requires residence and the intention to remain in the state. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citation and internal quotations omitted). "Evidence of a person's place of residence, however, is prima facie proof of his domicile." *Id.*

35. All of Plaintiff's Members and Directors, as identified in public filings with the Texas Secretary of State, are not citizens of Illinois. *See* screen capture of Business Organization Inquiry, attached hereto as **Exhibit D-2**. Of Plaintiff's forty-four Members and Directors, forty-three are citizens of Texas while one is a citizen of Ohio. *Id.* Accordingly, Plaintiff is a citizen of Texas and Ohio and BCBSTX is a citizen of Illinois and complete diversity exist between the parties.

### D. Co-Defendant Guadalupe Guzman has been Fraudulently Joined

36. Guzman is a citizen of the state of Texas, however this does not destroy this Court's diversity jurisdiction because Texas Insurance Code Section 1275.051(c) prohibits Plaintiff from balance billing Guzman for out-of-network emergency services, and therefore Guzman has been fraudulently joined.

37.　"A non-diverse defendant may be found to have been fraudulently joined . . . if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant." *La Cruz v. Home Depot U.S.A. Inc.*, 2015 U.S. Dist. LEXIS 143856, *6, n.2 (S.D. Tex. Oct. 22, 2015) (citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013)). "Merely *pleading* a valid state law claim or one whose validity is reasonably arguable, against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent…." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004) (citing *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992)) (emphasis in original).

38.　Under Texas Insurance Code Section 1301.155(d), "for emergency care . . . an out-of-network provider . . . may not bill an insured in, and the insured does not have the financial responsibility for, an amount greater than an applicable copayment, coinsurance, and deductible under the insured's preferred provider benefit plan . . . ." TEX. INS. CODE § 1301.155(d).

39.　Accordingly, Texas law prohibits Plaintiff from seeking to recover from Guzman the alleged balance of the bill submitted to BCBSTX for out-of-network emergency services, and therefore Plaintiff cannot maintain an action against Guzman for the payment it seeks. *Id.*

40.　Because the only cause of action asserted against Guzman is prohibited by Texas law, no reasonable argument can be made in favor of the validity of the claim against Guzman. Therefore, Guzman has been fraudulently joined and should not be considered

when evaluating whether diversity jurisdiction exists. *La Cruz*, 2015 U.S. Dist. LEXIS 143856 at *6.

41. When the joinder of a non-diverse co-defendant is fraudulent, it is undisputed that removal of a state action to federal court is proper. *See Hornbuckle,* 385 F.3d at 542 (remanding the denial of removal as there was "no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against [non-diverse] defendant"); *see also Maddox v. Crown Cork & Seal Co.*, 2012 U.S. Dist. LEXIS 60226 (S.D. Tex. Apr. 30, 2012) (finding non-diverse co-defendants to be fraudulently joined and only granting motion to remand due to amount-in-controversy not exceeding $75,000); *see generally Lambert v. Ocwen Loan Servicing, LLC*, 2015 U.S. Dist. LEXIS 33118 (S.D. Tex. Mar. 17 2015); *Vasquez v. Bank of Am., N.A.*, 2017 U.S. Dist. LEXIS 66539 (S.D. Tex. Apr. 5, 2017).

42. Accordingly, because there is complete diversity of citizenship between all properly joined parties, and because the amount-in-controversy exceeds $75,000, this action is properly removed under 28 U.S.C. §§ 1332, 1441, and 1446.

### IV.   COMPLIANCE WITH THE REMOVAL STATUTE

43. This Notice of Removal is properly filed with the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1446(a) because the County Court of Texas, Galveston County Court At Law No. 3 of Galveston, Texas is located in this federal judicial district.

44. This Notice of Removal is filed with this Court within thirty (30) days of the date of service of summons on BCBSTX on December 6, 2021. *See* 28 U.S.C. § 1446(b).

45. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be timely filed with the Clerk of the County Court of Texas, Galveston County Court At Law No. 3 of Galveston, Texas.

46. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on Plaintiff's counsel.

47. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served upon BCBSTX are attached hereto as Exhibits A, and B.

48. The undersigned has signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure in accordance with 28 U.S.C. § 1446(a).

49. Pursuant to 28 U.S.C. § 1446(b)(2)(A), BCBSTX's counsel conferred with Guzman and Guzman does not oppose removal to federal court.

### V.　COMPLIANCE WITH LOCAL RULES

50. Pursuant to Southern District of Texas Local Rule 81(1), executed process in this case is attached as Exhibit B.

51. Pursuant to Southern District of Texas Local Rule 81(2), Plaintiff's First Amended Petition, the operative pleading in this case, is attached as Exhibit A. No subsequent petitions or answers or other pleadings have been filed in state court.

52. Pursuant to Southern District of Texas Local Rule 81(3), no orders have been signed by the state court judge.

53. Pursuant to Southern District of Texas Local Rule 81(4), the state court docket sheet is attached hereto as **Exhibit E**.

54. Pursuant to Southern District of Texas Local Rule 81(5), a list of all counsel of record, including addresses, telephone numbers, and parties represented is attached hereto as **Exhibit F**.

WHEREFORE, BCBSTX hereby gives notice that this action is removed from the County Court of Texas, Galveston County Court At Law No. 3 of Galveston, Texas, to the United States District Court for the Southern District of Texas.

Dated: January 5, 2022                                    Respectfully submitted,

By: /s/ *Martin J. Bishop*
Martin J. Bishop (Tex. Bar No. 06269425)
*Attorney-in-Charge*
Meredith A. Shippee (*pro hac vice pending*)
Reed Smith LLP
10 South Wacker Drive
Chicago, IL  60606-7507
Telephone: +1 312 207 1000
Facsimile: +1 312 207 6400
mbishop@reedsmith.com
mshippee@reedsmith.com

*Counsel for Health Care Service Corporation, a Mutual Legal Reserve Company*

## CERTIFICATE OF SERVICE

I, Meredith Shippee, an attorney, hereby certify that on January 5, 2022, I caused copies of the foregoing Notice of Removal to be served via mail on the following:

Daniel Sternthal
dsternthal@munsch.com
Pooneh Momeni
pmomeni@munsch.com
700 Milam Street, Suite 2700
Houston, Texas 77002-2806
Tel: (713) 222-1470
Fax: (713) 222-1475
*Counsel for ERLC, LLC*

Guadalupe Guzman, *pro se*
517 East Foley Street
Alvin, Texas 77511
Tel (C): (832) 991-2035
Tel (H): (832) 769-1649

*/s/ Meredith A. Shippee*